**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Shenzhen Xing Ying Da Industry Co., Ltd., | § | |
| | § | **Civil Action No. 4:26-cv-09627** |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| Neewer Production Inc, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND FALSE ASSOCIATION, AND UNFAIR COMPETITION**

Plaintiff Shenzhen Xing Ying Da Industry Co., Ltd. ("Plaintiff"), by its undersigned counsel, brings this action against Defendant Neewer Production Inc ("Defendant"). Plaintiff alleges the following based on its knowledge of its own activities and, as to Defendant and matters outside Plaintiff's knowledge, on information and belief following investigation.

**INTRODUCTION**

1. Defendant appropriated the NEEWER name to present its marketplace business as Plaintiff's business or an affiliated NEEWER operation. The nineteen challenged Macy's product listings identified below displayed Neewer as the product brand. The preserved L220 and N16 pages also identified the merchant as "Shipped and sold by Neewer" and "Sold and shipped by Neewer" and reinforced that presentation with Plaintiff's product model designations and promotional images.

2. Plaintiff owns the NEEWER trademarks identified in this Complaint and uses the brand to market photographic equipment, lighting, and related products in the United States. Defendant is a separate, unaffiliated company. Plaintiff did not create Defendant's marketplace business and has never authorized Defendant to operate as NEEWER, to hold itself out as an official NEEWER seller, or to represent that Plaintiff sponsors or approves its business.

3. The identity of the company behind the challenged offerings is confirmed by Macy's own response to Plaintiff's complaint. In an October 16, 2026 communication, Macy's Legal Business Operations identified Neewer Production, Inc. as the supplier of the products offered under the challenged "Neewer" name. The communication also stated that Macy's had notified Defendant of Plaintiff's claim.

4. Defendant's presentation is likely to cause shoppers to believe that they are dealing with NEEWER itself or with a business endorsed by NEEWER. The copied images make that impression more persuasive by placing the same detailed photographic scenes and graphic compositions used in NEEWER marketing within Defendant's offers. Representative examples are shown below. Plaintiff's corresponding promotional materials are reproduced in **Exhibit D**, and the challenged Macy's listings and images are reproduced in **Exhibit E**.

5. Plaintiff seeks to stop Defendant's misuse of the NEEWER identity and misleading marketplace presentation, remedy the resulting confusion, and

recover the damages and profits allowed by law. Plaintiff asserts claims under the Lanham Act and Texas common law.

## THE PARTIES

6. Plaintiff Shenzhen Xing Ying Da Industry Co., Ltd. is a company organized under the laws of the People's Republic of China with its principal place of business in Shenzhen, China. Plaintiff owns the United States NEEWER trademark registrations identified below.

7. Defendant Neewer Production Inc is a Colorado corporation formed on September 18, 2024, with Colorado entity identification number 20241973617. The Colorado Secretary of State's records identify its principal-office street address and principal-office mailing address as 10606 Hempstead Rd., Suite 118, Houston, Texas 77092.

8. An August 5, 2026 Statement of Correction concerning Defendant, filed as Colorado document number 20261961185, identifies KAN CHUN SIN as the filer and supplies the same Houston address. The attached statement identifies KAN CHUN SIN as Defendant's President and states that ownership of Defendant transferred to him effective August 5, 2026.

9. The Colorado business summary identifies Defendant's registered agent as SUK YI CHEUNG at 1312 17th Street, #692, Denver, Colorado 80202. Macy's identifies Defendant as "Neewer Production, Inc." at that same Denver address. These references identify the corporate Defendant named in this action.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over the Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

11. The Court has jurisdiction over the related Texas common-law claim under 28 U.S.C. §§ 1338(b) and 1367(a). That claim arises from the same marketplace conduct and alleged misuse of the NEEWER Marks as the federal trademark claims.

12. Defendant is subject to general personal jurisdiction in Texas because, on information and belief, its principal place of business is in Houston. The Colorado Secretary of State's records identify the Houston address as Defendant's principal-office street and mailing address. Defendant's identified President supplied the same address as his mailing address in the August 5, 2026 corporate filing. **Ex. B at 2, 4–5**. Based on those records, Plaintiff alleges on information and belief that Defendant's officers direct, control, and coordinate its business from Houston, within this District.

13. Venue for the trademark and unfair-competition claims is proper under 28 U.S.C. §§ 1391(b)(1), (c)(2), and (d). Defendant is the sole defendant and, based on its principal place of business alleged above, resides in this District for venue purposes. Its contacts with this District would subject it to personal jurisdiction if this District were a separate State. Houston lies within the Houston Division of this District.

## FACTUAL ALLEGATIONS

### A. Plaintiff's NEEWER brand and trademark rights

14. Plaintiff owns the NEEWER brand, which has been used in commerce for more than a decade. NEEWER identifies photographic and video equipment, lighting, audio equipment, and related accessories marketed to photographers, filmmakers, and other content creators. The product range includes LED panels, ring lights, camera flashes, camera and smartphone rigs, microphones, battery chargers, and tripods.

15. NEEWER products are offered for sale to consumers in the United States through online retail channels, including neewer.com and Amazon. The official website presents products under the NEEWER name with model designations, photographs, technical specifications, prices, and online ordering functions. It also provides a United States telephone support line and contacts for order inquiries, product assistance, and returns. These commercial and support activities present NEEWER as the brand behind the products and the information supplied to purchasers.

16. Plaintiff promotes the NEEWER brand through instructional content as well as product listings. NEEWER Academy teaches photographic techniques and the use of NEEWER equipment, including lighting setups, camera sliders, and camera-rig assembly. Its featured materials include a lighting demonstration using NEEWER RGB1200 and 660 PRO RGB lights at Studebaker Metals in Braddock,

Pennsylvania. These instructional materials demonstrate the use of NEEWER products in photographic and video setups.

17. The official NEEWER blog further promotes the brand through equipment guides and practical tutorials that identify and link to NEEWER products. Examples include a January 18, 2025 article on photography backdrops and an August 21, 2026 guide to lighting and equipment for a home studio. The home-studio guide presents NEEWER lights, supports, and microphones as components of a coordinated setup for photography, video, and streaming.

18. Plaintiff's rights in NEEWER arise from its longstanding use of the mark in United States commerce and the federal registrations identified below. NEEWER is a distinctive source identifier for Plaintiff's products. Its repeated use across product offerings, promotional images, instructional materials, and customer-support channels connects the name with a common commercial source. Through these activities, Plaintiff has developed valuable goodwill in NEEWER among purchasers of photographic, video, and audio equipment and related accessories.

19. Plaintiff owns the following valid and subsisting registrations on the Principal Register of the United States Patent and Trademark Office. The table reproduces the registered marks and summarizes the goods relevant to this action. The registration certificates and current USPTO status records, including the complete goods identifications and any recorded limitations, are attached as **Exhibit A**.

| Registration | Registration date | Relevant registered goods |
|---|---|---|
| 5,760,029<br>Stylized mark<br>NEEWER | May 28, 2019 | Class 011: Lamps; theatrical stage lighting apparatus. |
| 5,477,858<br>Stylized mark<br>NEEWER | May 29, 2018 | Class 009: Cameras; microphones; microphone stand; tripods for cameras; camera filters; close-up lenses; optical lenses; chargers for electric batteries; batteries, electric. |
| 7,734,740<br>Standard characters<br>NEEWER | March 25, 2025 | Class 009: Camcorders; digital cameras; photographic apparatus and devices, namely, camera lenses, camera filters. |
| 4,462,769<br>Stylized mark<br>NEEWER | January 7, 2014 | Class 014: Clocks. |

20. The registered marks listed above are the "Registered Marks." The Registered Marks and Plaintiff's NEEWER word mark as used in commerce are collectively the "NEEWER Marks." The registrations constitute prima facie evidence of the validity of the Registered Marks, Plaintiff's ownership, and Plaintiff's exclusive right to use them in commerce for the specified goods, subject to the stated conditions and limitations. 15 U.S.C. §§ 1057(b), 1115(a). They also provide constructive notice of Plaintiff's claim of ownership under 15 U.S.C. § 1072.

21. Registration No. 5,760,029 protects the stylized NEEWER mark for goods including lamps. Plaintiff relies on this registration in connection with the challenged L220 panel-light and N16 ring-light offerings, Macy's product IDs 27749717 and 27749721. Both listings advertise lighting products under the

NEEWER name and reproduce Plaintiff's corresponding promotional images. **Ex. A at 13, 15; Ex. C at 69–74; Exs. D and E**.

**22.** Registration No. 5,477,858 covers the stylized NEEWER mark for goods including "cameras" and "chargers for electric batteries." Plaintiff relies on this registration in connection with Defendant's use of NEEWER to advertise the challenged vehicle-camera products and a UV sanitizer box with integrated wireless phone charging, Macy's product ID 27700307. The sanitizer-box listing identifies Neewer as the product brand and expressly advertises wireless charging at up to 10W for Android phones and up to 7.5W for iOS phones. **Ex. A at 21, 23; Ex. C at 2–41, 66–68.**

23. Registration No. 7,734,740 protects NEEWER in standard characters for goods including camcorders and digital cameras, without limitation to a particular font style, size, or color. Plaintiff also relies on this registration in connection with the nine challenged dash-camera listings and the vehicle backup-camera listing identified below. Each listing uses Neewer to identify the brand of the advertised camera product. **Ex. A at 8, 10; Ex. C at 2–41.**

24. Registration No. 4,462,769 protects the stylized NEEWER mark for goods including clocks. Plaintiff relies on this registration in connection with the six challenged clock listings identified below, which advertise digital wall clocks, desk clocks, and alarm clocks under the Neewer brand. **Ex. A at 2, 4; Ex. C at 42–65.**

25. Plaintiff promotes NEEWER products on neewer.com through product photographs and promotional graphics depicting those products and their features.

The photographs and promotional graphics used in Plaintiff's marketing and reproduced in the challenged L220 and N16 listings on Macy's are referred to below as the "NEEWER Images." Representative NEEWER Images are reproduced in Exhibit D, and the corresponding Macy's listings and images are reproduced in Exhibit E.

26. Defendant is not affiliated with Plaintiff. Plaintiff has not licensed or authorized Defendant to adopt NEEWER as its business or seller identity, operate an official NEEWER store, or represent that Plaintiff sponsors or approves Defendant's business. Plaintiff has not authorized Defendant to use the NEEWER Images to suggest that Plaintiff operates, sponsors, approves, or is affiliated with Defendant's marketplace business.

**B. Defendant presents its marketplace business as NEEWER**

27. By September 2026, Plaintiff discovered a Macy's marketplace business using "Neewer" as its seller name. On information and belief, Defendant operated that business and supplied the products offered through it, as further supported by Macy's identification of Defendant described below.

28. The preserved L220 and N16 shopping interfaces separately identified the merchant with the statements "Shipped and sold by Neewer" and "Sold and shipped by Neewer." These seller designations identified the business offering the products and responsible for fulfillment, in addition to identifying Neewer as the product brand. **Ex. E at 2, 14**.

29. For example, the page for Macy's product ID 27749717 offered an L220 15W LED light panel under the Neewer name. The October 31, 2026 capture displayed a price of $119.96, purchase controls, and the representation that the product was sold and shipped by Neewer. Its displayed image reproduced the NEEWER L220 video-conference promotional composition. **Ex. E at 2, 9; Ex. D at 14.**




Listing 1[1]

30. The page for Macy's product ID 27749721 offered an N16 ring light under the same seller name. The October 31, 2026 capture displayed a price of

[1] https://www.macys.com/shop/product/neewer-l220-camera-photo-accessory-with-15w-cri95-bi-color?ID=27749717

$61.39, together with purchase controls. The page also displayed NEEWER's staged ring-light composition, including two ring lights and phones above a wooden tabletop with a plate of sandwiches. **Ex. E at 14, 25; Ex. D at 37.**




Listing 2[2]

31. Plaintiff preserved nineteen Macy's product listings displaying Neewer as the product brand (the "Challenged Listings"). These consist of nine dash-camera listings and one vehicle backup-camera listing, reproduced in Exhibit C at pages 2–41; six clock listings, reproduced at pages 42–65; a UV sanitizer-box listing

---

[2] https://www.macys.com/shop/product/neewer-n16-ring-light-with-7w-3000mah-for-select-iphone-models?ID=27749721

advertising integrated wireless charging, Macy's product ID 27700307, reproduced at pages 66–68; and the L220 and N16 lighting listings, Macy's product IDs 27749717 and 27749721, reproduced at pages 69–74.

32. The camera, clock, and lighting products advertised in the Challenged Listings correspond to the cameras, camcorders, digital cameras, clocks, and lamps identified in Plaintiff's respective registrations. The UV sanitizer-box listing also expressly advertises integrated wireless phone charging, a function that overlaps with the registered chargers for electric batteries. Defendant used NEEWER as the brand designation for these goods, thereby presenting them to consumers as products offered under Plaintiff's brand. **Exs. A and C**.

**33.** The Challenged Listings appeared on Macy's United States marketplace and displayed Neewer as the brand of the advertised goods. The October 26, 2026 captures of the seventeen camera, clock, and sanitizer-box listings displayed "This item is unavailable." The October 31, 2026 captures of the L220 and N16 listings displayed prices in United States dollars and purchase controls. On information and belief, Defendant caused the NEEWER name and the challenged content to be used in these United States marketplace listings. **Ex. C at 2–68; Ex. E at 2, 14.**

34. Defendant's use of NEEWER as the product brand and the identity of its marketplace business presented Defendant as the commercial source standing behind the challenged offerings. In the L220 and N16 listings, the use of Plaintiff's model designations and promotional images reinforced the impression that the

marketplace business was operated, sponsored, or approved by Plaintiff. Plaintiff had authorized no such relationship.

**C. Macy's identifies Defendant and reports notice to it**

35. On September 28, 2026, Plaintiff notified Macy's that the Neewer marketplace seller was using the NEEWER name and promotional images without authorization and requested corrective action.

36. On October 16, 2026, Macy's Legal Business Operations identified Defendant, Neewer Production, Inc., as the supplier of the products offered under the challenged Neewer name on Macy's marketplace.

37. In the same communication, Macy's stated that it had provided Defendant with notice of Plaintiff's infringement claim and requested that Defendant respond directly to Plaintiff.

38. Based on Macy's identification of Defendant as the supplier of the products offered under the challenged Neewer name, the Neewer seller designations on the preserved L220 and N16 pages, and the consistent Neewer brand designation across the Challenged Listings, Plaintiff alleges on information and belief that Defendant operated the challenged marketplace business and selected, supplied, or caused the publication of the Challenged Listings and their associated content.

**D. Defendant uses NEEWER promotional images to reinforce the appearance of affiliation**

39. The Macy's L220 listing, product ID 27749717, displayed copies of eight NEEWER promotional images, and the N16 listing, product ID 27749721, displayed copies of nine. These reproductions retain the photographs, illustrations,

feature text, and graphic arrangements appearing in Plaintiff's corresponding promotional images, notwithstanding changes in image size or surrounding white space. Plaintiff's promotional materials are reproduced in **Exhibit D**, and the corresponding Macy's listings and images are reproduced in **Exhibit E**.

40. The L220 listing reproduced eight NEEWER promotional images: the dual-monitor gaming scene, the video-conference scene, the "Edge Lit" graphic, the "Adjustable Lighting" graphic, the "Flexible Adjustment" graphic, the four-panel application collage, the specifications graphic, and the package-contents graphic. Figure 1 shows a representative example. The Macy's image reproduces the complete "Edge Lit" promotional graphic used by Plaintiff, including the layered light-panel illustration, paired portraits, feature callouts, and "NEEWER L220" designation in the same arrangement. Plaintiff's image appears at Ex. D at 15, and the corresponding Macy's image appears at Ex. E at 8. The eight NEEWER images and the corresponding Macy's copies are reproduced at Ex. D at 13–20 and Ex. E at 6–13, respectively.

NEEWER Promotional Image[3] Macy's Listing Image[4]

[3] https://neewer.com/products/neewer-basics-l220-10-8-video-conference-lighting-with-desk-clamp-stand-66609383
[4] Source: https://www.macys.com/shop/product/neewer-l220-camera-photo-accessory-with-15w-cri95-bi-color?ID=27749717







Figure 1. L220 — One of Eight Copied Promotional Images

41. The nine copied N16 images include the tabletop scene with ring lights, a red remote control, and sandwiches; the makeup demonstration; the color-temperature, brightness, and CRI comparison graphic; the battery illustration; the angle-adjustment graphic; the remote-shooting graphic; the dimension graphic; the four-panel application collage; and the package-contents graphic. Figure 2 illustrates the "Wireless Remote Shooting" image reproduced in Exhibit D at page 52 and the corresponding Macy's image reproduced in Exhibit E at page 21. Both contain the same woman, ring light, red remote control, blue signal rings, and accompanying text and graphics. The nine NEEWER images appear at **Ex. D at 37, 39, 42, 46, 48, 52, 55, 58–59**, and the corresponding Macy's images appear at **Ex. E at 17–25**.

NEEWER Promotional Image[5]




Macy's Listing Image[6]




Figure 2. N16 — One of Nine Copied Promotional Images

42. The L220 and N16 materials attached as Exhibits D and E are representative examples.

43. On information and belief, Defendant selected, supplied, or caused the publication of copies of the NEEWER Images in its Macy's listings. Its repeated use of those images, together with the NEEWER Marks and corresponding model designations, supports the inference that Defendant knowingly sought to present its marketplace business as operated, sponsored, or approved by Plaintiff.

**E. Confusion and injury to Plaintiff**

44. Defendant used NEEWER as the brand designation across the Challenged Listings, which advertised vehicle cameras, clocks, lighting products, and a UV sanitizer box with integrated wireless charging. Defendant also used

---

[5] Source: https://neewer.com/products/neewer-entry-level-version-n16-10-7w-ring-light-with-desk-mount-66608020?_pos=1&_sid=ab5a06315&_ss=r&variant=49841907630273

[6] Source: https://www.macys.com/shop/product/neewer-n16-ring-light-with-7w-3000mah-for-select-iphone-models?ID=27749721

Neewer as the identity of its marketplace business. These uses are likely to cause consumers to believe that Plaintiff is the source of the advertised goods or operates, sponsors, approves, or is affiliated with the marketplace business and its offerings. In the L220 and N16 listings, the additional use of Plaintiff's model designations and copied promotional images reinforced that misleading impression.

45. The representations "Shipped and sold by Neewer" and "Sold and shipped by Neewer," appearing alongside NEEWER product names and promotional images, are likely to cause shoppers to believe that the marketplace business is operated by NEEWER itself or by a business commercially affiliated with NEEWER. These seller designations identify the business standing behind the offerings and responsible for fulfillment. Plaintiff has not authorized Defendant to represent that Plaintiff operates, sponsors, approves, or is affiliated with Defendant's marketplace business.

46. Defendant's adoption of Neewer in its corporate name, its use of that name as its marketplace seller identity, and its repeated use of NEEWER model designations and promotional images support the inference that Defendant knew of Plaintiff's brand and deliberately sought to benefit from its goodwill. In its October 16, 2026 response, Macy's stated that it had provided Defendant with notice of Plaintiff's infringement claim.

47. The October 31, 2026 captures of the L220 and N16 listings displayed the Neewer brand and seller designations together with NEEWER promotional

images. Those preserved pages show that the challenged brand and seller presentation remained visible after Plaintiff's September 28, 2026 notice to Macy's.

48. Defendant's presentation deprives Plaintiff of control over the use of NEEWER as a commercial source identifier and is likely to cause consumers to attribute Defendant's product representations, fulfillment commitments, and seller services to Plaintiff. Plaintiff does not control Defendant's marketplace business or those activities. The resulting false association harms Plaintiff's goodwill and commercial interests. The extent of Plaintiff's recoverable monetary damages and any profits attributable to Defendant's conduct will be determined through discovery and at trial.

49. On information and belief, absent injunctive relief, Defendant is likely to continue or repeat the challenged use of the NEEWER Marks and seller identity. Such use threatens further injury to Plaintiff's reputation and goodwill by associating NEEWER with commercial activities that Plaintiff does not control. That injury is not readily quantifiable, and monetary relief alone cannot prevent further confusion or fully remedy the resulting harm to Plaintiff's goodwill. Plaintiff therefore seeks injunctive relief against further use of the NEEWER Marks and promotional materials in the misleading manner alleged above.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

50. Plaintiff incorporates by reference the foregoing factual allegations as if fully set forth herein.

51. Plaintiff owns the Registered Marks identified above and in Exhibit A. Those registrations are valid and subsisting for the goods relied on in this action.

52. Defendant used reproductions, copies, or colorable imitations of the Registered Marks without Plaintiff's consent in United States commerce in connection with the advertising and offering for sale of the goods described above. The use included NEEWER as the product-brand designation and as the identity of the business offering the goods.

53. Defendant's use is likely to cause confusion, mistake, or deception concerning the source, sponsorship, approval, or affiliation of its goods and marketplace business. That conduct infringes the Registered Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

54. On information and belief, Defendant acted knowingly and willfully. Its adoption of NEEWER as its seller identity, together with its use of Plaintiff's model designations and promotional images in the L220 and N16 listings, supports the inference that Defendant knew of Plaintiff's NEEWER brand and sought to create a misleading impression of affiliation with Plaintiff. In its October 16, 2026 response, Macy's stated that it had provided Defendant with notice of Plaintiff's infringement claim.

55. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered injury to its goodwill and loss of control over the use of the NEEWER Marks as source identifiers. On information and belief, absent injunctive relief, Defendant is likely to continue or repeat the challenged conduct, threatening

further harm that monetary relief alone cannot adequately remedy. Plaintiff seeks injunctive relief, Defendant's profits attributable to the infringement, Plaintiff's recoverable damages, costs, and the other relief authorized by 15 U.S.C. §§ 1116, 1117(a), and 1118.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND FALSE ASSOCIATION**
**15 U.S.C. § 1125(a)(1)(A)**

56. Plaintiff incorporates by reference the foregoing factual allegations as if fully set forth herein.

57. Plaintiff owns protectable rights and goodwill in the NEEWER Marks through its use of those marks in United States commerce.

58. By presenting its marketplace business as Neewer and using the NEEWER Marks as product-brand and seller designations, Defendant passed its business off as Plaintiff's business or an affiliated NEEWER operation. In the L220 and N16 listings, Defendant reinforced that presentation by using Plaintiff's model designations and copies of the NEEWER Images. These uses constituted false or misleading designations and representations concerning the origin, affiliation, sponsorship, and approval of Defendant's goods, seller services, and commercial activities.

59. Those representations were used in United States commerce and are likely to cause consumers to believe that Plaintiff operates, sponsors, approves, or is affiliated with Defendant's marketplace business and offerings. Plaintiff has

authorized none of those relationships. Defendant's conduct violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

60. On information and belief, Defendant acted deliberately to obtain the benefit of Plaintiff's name and goodwill. Its conduct has proximately injured Plaintiff's commercial interests and goodwill and threatens further irreparable harm.

61. Plaintiff seeks injunctive relief, Defendant's profits attributable to the conduct alleged in this Count, Plaintiff's recoverable damages, costs, and the other relief authorized by 15 U.S.C. §§ 1116, 1117(a), and 1118.

**COUNT III**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS COMMON LAW**

62. Plaintiff incorporates by reference the foregoing factual allegations as if fully set forth herein.

63. Plaintiff has protectable rights in the NEEWER Marks. Defendant's unauthorized use of those marks and its presentation of its own marketplace business as Neewer are likely to cause confusion about the source, sponsorship, approval, and affiliation of that business and its offerings.

64. By passing off its business as Plaintiff's business or an affiliated NEEWER operation and exploiting the goodwill associated with the NEEWER Marks, Defendant has committed trademark infringement and unfair competition under Texas common law.

65. Defendant's conduct has directly and proximately injured Plaintiff's goodwill and commercial interests. Unless enjoined, Defendant's conduct threatens further injury to Plaintiff's goodwill that monetary damages alone cannot adequately remedy. Plaintiff seeks damages available under Texas common law and preliminary and permanent injunctive relief, without duplicative recovery for the same injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant and the following relief:

A. A judgment that Defendant has infringed the Registered Marks, engaged in false designation of origin and false association, and committed trademark infringement and unfair competition under Texas common law;

B. A preliminary and permanent injunction against Defendant and all other persons bound by Federal Rule of Civil Procedure 65(d)(2) who receive actual notice of the injunction, including its officers, agents, servants, employees, and attorneys and persons in active concert or participation with them, prohibiting the following conduct:

1. Using NEEWER, Neewer Production Inc, or a confusingly similar designation as a trade, store, or seller name for the goods and marketplace activities at issue in a manner likely to cause confusion with Plaintiff;

2. Representing that Defendant is Plaintiff or that Plaintiff operates, sponsors, approves, or is affiliated with Defendant's marketplace business or

offerings;

3. Using the NEEWER Marks in product listings, advertising, or offers for goods or services in a manner likely to cause confusion about the source of those goods or services or about whether Plaintiff operates, sponsors, approves, or is affiliated with Defendant's marketplace business or offerings; and

4. Using the NEEWER Images together with the NEEWER Marks or seller designations in a manner likely to cause confusion as to Plaintiff's affiliation with, sponsorship of, or approval of Defendant's marketplace business or offerings;

C. An order requiring Defendant to remove seller designations, representations, and promotional content that create the false impression that Plaintiff operates, sponsors, approves, or is affiliated with Defendant's marketplace business or offerings from accounts and pages within Defendant's control, and to submit the requests necessary to remove such content that it supplied to marketplace providers;

D. An order requiring Defendant to provide corrective notice, in a form and manner approved by the Court, identifying its marketplace business as unaffiliated with Plaintiff and correcting the false impression of NEEWER sponsorship or approval created by the challenged offerings;

E. An order requiring Defendant to file with the Court and serve on Plaintiff, within thirty days after service of the injunction, a written report under oath detailing its compliance, as provided by 15 U.S.C. § 1116(a);

F. An accounting and award of Defendant's profits attributable to its

violations of the Lanham Act and Plaintiff's damages resulting from those violations, including any enhancement of damages or adjustment of the profits award warranted under 15 U.S.C. § 1117(a), together with any damages recoverable under Texas common law, without duplicative recovery for the same injury;

G. Delivery up and destruction of materials bearing infringing reproductions of the Registered Marks or false designations found to violate 15 U.S.C. § 1125(a), to the extent authorized by 15 U.S.C. § 1118 and subject to preservation of evidence necessary to this action;

H. A determination that this is an exceptional case and an award of reasonable attorney's fees under 15 U.S.C. § 1117(a), together with Plaintiff's recoverable costs;

I. Prejudgment and postjudgment interest to the extent allowed by law; and

J. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: November 1, 2026

Respectfully submitted,

/s/ Tao Liu

Tao Liu
Attorney-in-Charge
New York Bar No. 5741665
S.D. Tex. Bar No. 3800926
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Telephone: (212) 937-9999
Email: tao.liu@glacier.law

***Counsel for Plaintiff***